UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PEGGY VANSON, AS TRUSTEE OF THE         :
ALLIED SECURITY HEALTH AND WELFARE      :   06 Civ.            (     )
FUND, AND PRESIDENT OF ALLIED           :   ECF CASE
INTERNATIONAL UNION,                    :
                                        :
    Plaintiffs,              :
                                        :
v.                                      :
                                        :   COMPLAINT
RAV INVESTIGATION & SECURITY            :
SERVICES, INC. and RON ALLEN,           :
individually and in his capacity as President of :
RAV INVESTIGATION & SECURITY            :
SERVICES, INC.,                         :
                                        :
    Defendants.              :
------------------------------------------------------------x

  Plaintiffs, by their attorneys Weissman & Mintz LLC, complaining of the defendants, respectfully allege as follows:

## NATURE OF THE ACTION

  1. This is an action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1984 (herein "ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the Labor-Management Relations Act of 1947, ("LMRA"), 29 U.S.C. § 185. This action is brought by Trustees of an employee benefit plan to recover contributions due to the plan under the terms of the plan and the collective bargaining agreement to which defendant RAV Investigation & Security Services, Inc. is a party. This action is also brought by the Union through its President to recover dues checkoff monies and initiation fees deducted by defendants from the wages paid to employees who authorized said deductions in

writing to the Union and for which the defendants have failed to remit to the Union in violation of the collective bargaining agreement.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to ERISA Sections 502(a),(e)(1) and (f), 29 U.S.C. §§ 1132(a), (e)(1) and (f) and LMRA Section 301, 29 U.S.C. § 185 and 28 U.S.C. §§ 1331 and 1337. The Court has venue pursuant to 28 U.S.C. § 1391 and ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

## PARTIES

3. Plaintiff Peggy Vanson is a trustee of the Allied Security Health And Welfare Fund (herein "Fund"). The Fund is a jointly-administered, multiemployer, labor-management trust fund established and maintained pursuant to various collective bargaining agreements and trust agreements in accordance with Sections 302(c)(5) and (c)(6) of the LMRA, 29 U.S.C. §§ 186(c)(5) and (c)(6). The Fund is an employee benefit plan within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1),(2),(3) and 1132(d)(1), and a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The Fund is authorized to maintain suit as a independent legal entity under Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The trustees of the Fund, including Vanson, are fiduciaries within the meaning of Section 3(21)of ERISA, 29 U.S.C. § 1002(21). The Fund's principal place of business is located at 332 Willis Avenue, Mineola, New York 11501.

4. Plaintiff Allied International Union (herein "Union"), is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, which represents employees in an industry affecting commerce as defined in Section 501 of the LMRA, 29 U.S.C.

§ 142 and Section 3(4) of ERISA, 29 U.S.C. § 1002(4). The Union maintains its principal place of business at 332 Willis Avenue, Mineola, New York 11501.

5. Defendant RAV Investigation & Security Services, Inc., (herein "RAV") is a New York corporation with a principal place of business located at 44 West 28th Street, 6th Floor, New York, New York 10001. RAV is an employer within the meaning of ERISA Section 3(5), 29 U.S.C. § 1002(5). RAV is a security firm and provides security services to public entities and private companies.

6. Defendant Ron Allen, on information and belief, is or at all relevant times has been the President and principal shareholder of defendant RAV. Ron Allen is an employer as that term is defined in Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## FACTS RELEVANT TO ALL CAUSES OF ACTION

7. At all times relevant hereto, defendants RAV and Allen are parties to and bound by a Collective Bargaining Agreement (herein "Agreement") which Allen, either himself or through an authorized designee/agent on behalf of RAV and himself negotiated with the Union.

8. Pursuant to Article XVII of the Agreement, defendant RAV was and is required to contribute Twenty-Seven Dollars ($27.00) per month to the Fund for each full-time bargaining unit employee who has completed six months employment. Contributions on behalf of the above employees are to be paid to the Fund no later than the tenth day of every month.

9. Pursuant to Article III of the Agreement, defendant RAV is obligated to deduct from the wages of its employees who have signed dues authorization cards and who are covered by the Agreement the amount of dues and/or initiation fees required by the Union. Said

monies are to be remitted to the Union within twenty (20) days after such deductions are made by defendant RAV.

## AS AND FOR A FIRST CAUSE OF ACTION

10. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 9 of this complaint as if fully stated herein.

11. For the period June 2005 through and including the date of this complaint, defendant RAV has failed to remit the contributions due to the Fund under the terms of the existing Agreement to which RAV is bound. The amount owed for this period is approximately Thirteen Thousand Eight Hundred and Fifty One Dollars ($13,851).

12. RAV's failure and refusal to make the required contributions to the Fund is both a violation of ERISA and a breach of the Agreement with the Union.

## AS AND FOR A SECOND CAUSE OF ACTION

13. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 12 of this complaint as if fully stated herein.

14. For the period June 2005 and January through and including the date of this complaint, defendant RAV has failed to remit dues checkoff monies and initiation fees owed to the Union under the terms of the Agreement to which RAV is bound. The amount owed for this period is approximately Seven Thousand Six Hundred and Ninety-Five Dollars ($7,695).

15. RAV's failure and refusal to remit the required dues checkoff monies and initiation fees to the Union is a breach of the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Court:

1.      Enter a preliminary and permanent injunction:

(a)     requiring defendant RAV to make timely contributions to the Fund; and

(b)     enjoining the conveyance of or distribution of any assets of RAV to another entity or individual; and

2.      Enter a judgment against defendants RAV and Ron Allen, jointly and severally:

(a)     for the sum of $13,851.00 for contributions owed the Fund plus any additional contributions which are determined to be owed either before and/or during the pendency of this suit; and

(b)     for an accounting for the period June 1, 2005 through the date of this complaint, and during the pendency of this action; and

(c)     for interest on the unpaid contributions pursuant to 29 U.S.C. §1132(g)(2)(B); and

(d)     for additional interest pursuant to 502(g)(2)(C)(i) of ERISA, 29 U.S.C. §1132(g)(2)(C)(i); and

(e)     for attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(2)(D); and

(3)     Enter a judgment against defendant RAV in the amount of $7,695.00 for unremitted dues checkoff monies and initiation fees owed the Union plus any additional unremitted dues checkoff monies and initiation fees which are determined to be owed either before and/or during the pendency of this action; and

   (a) for interest on the unremitted dues checkoffs and initiation fees at the rate of nine percent (9%) per annum pursuant to New York Civil Practice Law and Rules, § 5004 and calculate that interest from June 2005; and

   (b) for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
   March 30, 2006

            Respectfully submitted,

            WEISSMAN & MINTZ LLC
            Attorneys for Plaintiffs

     By: _____
        Alan M. Compagnon (AC 5630)
        80 Pine Street, 33rd Floor
        New York, New York 10005
        (212) 509-0918